UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-3871 (UNA) |
| ) | |
| CITY OF MADISON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1).  The Court GRANTS the application, and for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff alleges that, since 2012, various political subdivisions of the State of Wisconsin, along with the University of Wisconsin Board of Regents, have stalked, harassed, defamed, threatened, and discriminated against her, *see* Compl. at 3, 5, thereby violating her "human/civil/constitutional rights," *id*. at 5. She allegedly receives calls and letters from prisoners, *see id*. at 4, and accuses defendants of having "sabotaged a mortgage loan," *id*., damaging her credit score, *id*. at 5, and causing plaintiff to file for bankruptcy," *id*. She demands an "[i]njunction against all the entities named" in the complaint and an award of $32 million. *Id*.

As drafted, plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The complaint's factual allegations are far too vague and conclusory to articulate a viable legal claim or to give defendants reasonable notice of the claim(s) against them. An Order is issued separately.

DATE: January 29, 2024                          CHRISTOPHER R. COOPER
                                                United States District Judge